## Irish's Estate

*Harry J. Alker, Jr.*, for appellant.
*Paul P. Wisler*, for Commonwealth.

SHEELY, P. J., fifty-first judicial district, specially presiding, December 30, 1939.—This is an appeal from the appraisement for inheritance tax purposes of certain securities and bank accounts. The securities and bank accounts were in the joint names of May Irish and Elsie Ayres and one half of their value was appraised as the property of May Irish. It is contended by appellant that all the securities and the accounts were the property of Elsie Irish Ayres. . . .

The testimony, which was not disputed, showed that May Irish and Elsie Irish Ayres were sisters. May, who was about seventy years of age, died on May 21, 1937, and Elsie, who was about fifty-five years of age, died on October 21, 1937. In 1932, Elsie received between $30,-000 and $35,000 from the estate of her husband and her

father-in-law, part of which represented her son's inheritance, which he assigned to her. She was employed at the office of Harry J. Alker, Jr., Esq., and resided with her sister, May, who acted as housekeeper. All the household expenses were paid by Elsie, and apparently May had little or no income.

After receiving her money in 1932, Elsie purchased the securities which are the subject of this appeal and, because she suffered from a heart condition and wished to have the securities in a form in which they could be easily negotiated by May for the purpose of providing household expense money in the event of a prolonged illness, had them issued in the joint names of herself and May. The securities were then placed in a compartment reserved for Elsie in Mr. Alker's vault, and assignments, executed by both parties, were attached thereto. May had no access to the compartment and the securities were found there after the death of both.

This testimony clearly brings the situation with relation to the securities within the case of Raubs' Estate, 286 Pa. 575 (1926). It is clear that Elsie Irish Ayres did not intend to transfer part ownership in the securities to May Irish, and that May did not consider that she was a part owner. It is also clear that the transfers were not made for the purpose of avoiding tax, but for the purpose of making the securities available in the event of illness. The appeal must be sustained as to the ownership of these securities.

The situation with relation to the bank accounts, however, is different. There was a deposit in the joint names of the two sisters of $489.71 in the Land Title Bank & Trust Company and $250 in the Norristown-Penn Trust Company. There is no evidence as to how these accounts were started or to show that no deposits were made by May or with money belonging to May. All that could be shown was that Elsie made deposits and used the account as her own.

Prima facie, each sister owned one half of the accounts, and the evidence produced is insufficient to overcome this presumption. The appeal as to the bank accounts must be dismissed.